# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| RONALD J. PANNOZZI, PAOLA BALDOMAR, MEREDITH BRANDT, MONICA DEPINA, MEGHAN KONOPKA, JOAN RATCLIFFE, and RENEE TRIGUEIRO, *individually and on behalf of all others similarly situated*, | **CASE NO. 1:24-cv-00524-MRD-LDA** |
| Plaintiffs, | |
| v. | |
| DELOITTE CONSULTING LLP, | |
| Defendant. | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement[1] is entered into between Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

I.     **Procedural History**

1.     Defendant is a consulting firm that provides services to a wide range of clients, including governmental agencies and private companies.

2.     Defendant entered into an agreement with the State of Rhode Island to maintain and operate, at the State's direction, RIBridges, the State's system for providing benefits, health insurance, and other programs to certain Rhode Islanders.

3.     In connection with RIBridges, Rhode Island collects personal and sensitive

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

information.

4.      On December 5, 2024, the State of Rhode Island was informed by Defendant that information in the RIBridges system may have been illegally accessed. The information that may have been exposed includes names, addresses, dates of birth, Social Security numbers, banking information, telephone number, and health information. The type of information may vary for each individual and program.

5.      Thereafter, the State of Rhode Island sent letters notifying 735,501 individuals that their Private Information may have been impacted in the Data Incident.

6.      On December 15, 2024, Plaintiff Pannozzi named Defendant in the first class action lawsuit related to the Data Incident. [ECF No. 1]. Thereafter, eight other cases alleging similar causes of action and overlapping putative classes were filed against Defendant.

7.      Following an agreement of Plaintiffs' counsel to work cooperatively and litigate in a single consolidated action, Plaintiffs moved to consolidate the actions on January 14, 2025. [ECF No. 7]. Plaintiffs filed a second motion to consolidate, along with a motion to appoint lead counsel, on February 15, 2025. [ECF Nos. 9].

8.      The Court granted the motion to consolidate on February 26, 2025, and following a hearing appointed Jeff Ostrow and Danielle Perry as Interim Co-Lead Counsel on March 19, 2025. [ECF No. 23].

9.      On March 28, 2025, Plaintiffs filed their Consolidated Class Action Complaint, alleging claims for negligence, negligence *per se*, breach of implied contract, breach of third-party beneficiary contract, unjust enrichment, violations of Rhode Islands' consumer protection laws, injunctive relief, and declaratory judgment. [ECF No. 24]. Defendant filed a Motion to Dismiss on May 27, 2025. [ECF No. 27].

10.     Thereafter, the Parties began discussing the prospect of early resolution and scheduled a mediation with experienced class action mediator and former United States District Court Judge Wayne Andersen, for August 19, 2025, in Chicago, Illinois.

11.     On June 10, 2025, the Parties filed a Joint Motion to Stay the case pending the outcome of mediation. [ECF No. 27]. The Court granted the motion on June 23, 2025.

12.     In advance of mediation, Plaintiffs consulted with liability and damage experts. They then requested and Defendant produced information in response to informal discovery requests, including, but not limited to, the number of individuals who received notice of the Data Incident and the categories of Private Information involved.  The Parties also exchanged detailed Mediation Statements outlining their positions with respect to liability, damages, and settlement.

13.     The mediation took place both in-person in Chicago at JAMS and on Zoom. After a full day of contested arms-length negotiations, the Parties agreed to the material terms of a settlement that resolves all claims on a class-wide basis.

14.     The Parties filed a Notice of Settlement and Joint Motion to Continue Stay on August 21, 2025. [ECF No. 30]. The Court granted the motion on September 5, 2025. On October 6, 2025, the Parties filed a Joint Motion for an Extension of Time to file Plaintiffs' Motion for Preliminary Approval of the Class Settlement. [ECF No. 31]. The Court granted the motion on October 7, 2025, extending the deadline to file the Motion for Preliminary Approval to October 16, 2025.

15.      The Parties now agree to settle the Action entirely, without any admission by the Defendant of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint and the underlying Data Incident, and to avoid

the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs enter into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.   <u>Definitions</u>

16.   "**Action**" means the above-captioned consolidated action, *Pannozzi v. Deloitte Consulting LLP*, Case No. 1:24-cv-524 (D.R.I.).

17.   "**Agreement**" or "**Settlement**" or "**Settlement Agreement**" means this Settlement Agreement, including all exhibits, between Plaintiffs and Defendant.

18.   "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking attorneys' fees, costs, and Service Awards.

19.    "**CAFA Notice**" means Class Action Fairness Act Notice which Defendant shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

20.    "**Cash Payment**" means the cash compensation paid to Settlement Class Members who elected to submit a Claim for either Cash Payment A – Documented Losses or Cash Payment B – Alternate Cash.

21.    "**Cash Payment A – Documented Losses**" means the cash compensation of up to $5,000.00 that Settlement Class Members with documented losses may elect under the Settlement.

22.    "**Cash Payment B – Alternate Cash**" means the cash compensation in the estimated amount of $100.00 that Settlement Class Members may elect under the Settlement.

23.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as ***Exhibit 3***, which may be modified as necessary, subject to the Parties' approval.

24.    "**Claim Form Deadline**" shall be 15 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for a Cash Payment.

25.    "**Claimant**" means an individual who submits a Claim Form.

26.    "**Claim Process**" means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator determines which Claims are Valid Claims.

27.    "**Class Counsel**" means: Jeff Ostrow of Kopelowitz Ostrow P.A. and Danielle Perry of Mason LLP.

28.    "**Class List**" is the class list provided by Defendant to Class Counsel and the

Settlement Administrator. The Class List shall consist of all individuals who were Statutory Notice Recipients, as reflected in the list of Statutory Notice Recipients to be provided to Class Counsel by Defendant. The Class List shall include the Settlement Class members' names and addresses.

29.    "**Class Representatives**" means the Plaintiffs the Court approves to serve as representatives on behalf of the Settlement Class.

30.    "**Complaint**" means the Consolidated Complaint filed on March 28, 2025.

31.    "**Court**" means the United States District Court for the District of Rhode Island and the Judge(s) assigned to the Action.

32.    "**Data Incident**" means the unauthorized access to or acquisition of the Private Information that Defendant discovered on or around December 5, 2024, as a result of the infiltration of the RIBridges system.

33.    "**Defendant**" means Deloitte Consulting LLP, the defendant in the Action.

34.    "**Defendant's Counsel**" means Phyllis B. Sumner, Elizabeth D. Adler, and J. Matthew Brigman of King & Spalding LLP.

35.    "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

36.    "**Escrow Account**" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

37.    "**Final Approval**" means the final approval of the Settlement, which occurs when

the Court enters the Final Approval Order, substantially in the form attached hereto as ***Exhibit 5***.

38.     "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

39.     "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of approved attorneys' fees, costs, and Service Awards.

40.     "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail upon request to the Settlement Administrator.

41.     "**Medical Data Monitoring**" means the CyEx monitoring product with two years of monitoring that Settlement Class Members may elect as a Settlement Class Member Benefit under the Settlement.

42.     "**Motion for Final Approval**" means the unopposed motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

43.     "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the court seeking Preliminary Approval of the Settlement.

44.     "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of Settlement Administration Costs and any attorneys' fees, costs, and Service Awards.

45.     "**Notice**" means the Postcard Notice and Long Form Notice that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

46.     "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and may consist of Postcard Notice and Long Form Notice, along

with the Settlement Website and the Settlement telephone number.

47.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

48.    "**Objection Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may object to the Settlement.

49.    "**Opt-Out Deadline**" means 30 days before the initial scheduled Final Approval Hearing and is the last date by which Settlement Class Members may opt-out of the Settlement.

50.    "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

51.    "**Plaintiffs**" means Ronald J. Pannozzi, Paola Badlomar, Meredith Brandt, Monica Depina, Meghan Konopka, Joan Ratcliffe, and Renee Trigueiro.

52.     "**Private Information**" means the personally identifiable information and private health information which consists of some combination of the following: names, addresses, dates of birth, social security numbers, banking information, telephone number, and health information.

53.    "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as *Exhibit 1,* that the Settlement Administrator may disseminate to Settlement Class members by mail.

54.    "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form submitted with the Motion for Preliminary Approval.

55.    "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as *Exhibit 4*.

56.    "**Releases**" means the releases and waiver set forth in Section XIII of this

Agreement.

57.     "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

58.     "**Released Parties**" means Defendant, Rhode Island, and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, departments, agencies, offices, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees, including without limitation Deloitte LLP, Deloitte & Touche LLP, Deloitte Tax LLP, Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP, Deloitte Services LP, and Deloitte USA LLP.

59.     "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

60.     "**Rhode Island**" means the State of Rhode Island.

61.     "**Service Awards**" means the monetary compensation the Court may approve for

the Plaintiffs for serving as Class Representatives.

62.    "**Settlement Administrator**" means Kroll Settlement Administration LLC ("Kroll").

63.    "**Settlement Administration Costs**" means all costs and fees of the Settlement Administrator regarding Notice and Settlement administration.

64.    "**Settlement Class**" means all living individuals residing in the United States who received notice of the Data Incident as described in Paragraph 5. Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

65.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

66.    "**Settlement Class Member Benefit**" means the Cash Payment and/or Medical Data Monitoring, elected by Settlement Class Members.

67.    "**Settlement Fund**" means the non-reversionary all cash $6,300,000 fund that Defendant is obligated to fund or cause to be funded pursuant to Section III herein.

68.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

69.    "**Statutory Notice Recipients**" means the 735,501 individuals who were sent

notice of the Data Incident as described in Paragraph 5, above.

70.     **"Valid Claim"** means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    <u>Settlement Fund</u>

71.     Within 21 days of Preliminary Approval, Defendant shall fund or cause to be funded $500,000 into the Escrow Account to cover the Settlement Administration Costs. This payment shall count towards the $6,300,000 Settlement Fund, the balance of which ($5,800,000) shall be due following the Effective Date as further detailed herein. This initial $500,000 shall only be used to cover the Settlement Administration Costs as they arise prior to the Effective Date. In no event shall Defendant be required to pay more than the $6,300,000 required to fund the Settlement Fund under the terms of this Settlement Agreement. In the event there is no Final Approval, or the Effective Date does not occur, following the payment of any outstanding Settlement Administration Costs, all funds remaining in the Settlement Fund shall be returned to the Defendant.

72.     The Settlement Fund shall ultimately be used to pay: (1) all Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; and (2) all Settlement Administration Costs; (3) any attorneys' fees, costs, and Service Awards approved by the Court.

73.     The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. The Settlement Fund shall earn a reasonable rate of interest and all interest earned on the Settlement funds shall be for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    **Certification of the Settlement Class**

74.     In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes only. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and

Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.    <u>**Settlement Class Member Benefits**</u>

75.    When submitting a Valid Claim, Settlement Class Members must choose either Cash Payment A – Documented Losses or Cash Payment B – Alternate Cash. All Settlement Class Members may also elect to receive Medical Data Monitoring in accordance with the terms of this paragraph. All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund first for payment of Medical Data Monitoring, then for Cash Payment A – Documented Losses, and then to all those who elect Cash Payment B – Alternate Cash. Any *pro rata* increases or decreases will be on an equal percentage basis. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Settlement Class Member Benefit.

### a.    **Cash Payment A – Documented Losses**

Settlement Class Members may submit a claim for a Cash Payment under this section for up to $5,000.00 per Settlement Cass Member upon presentment of reasonable documented losses related to the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documented losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid.

Non-exhaustive examples of reasonable documentation include telephone records, correspondence including emails, or receipts. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter provided by Defendant or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be as if he or she elected Cash Payment B.

**b.     Cash Payment B – Alternate Cash**

As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a cash payment in the estimated amount of $100.00.

**c.     Medical Data Monitoring**

In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also make a Claim for Medical Data Monitoring that will include two years of CyEx's medical data monitoring product that will include: (i) real time monitoring of the credit file with one credit bureau; (ii) dark web scanning with immediate notification of potential unauthorized use; (iii) security freezing assistance; (iv) victim assistance; (v) $1,000,000.00 in identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolve instances of identity theft.

14

## VI.     <u>Settlement Approval</u>

76.     Plaintiffs' Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program and the form and content of the Notices; (4) approve the Claim Process and the form and content of the Claim Form; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Kroll as the Settlement Administrator; (7) appoint Plaintiffs as Class Representatives and Jeff Ostrow and Danielle Perry as Class Counsel for Settlement purposes; (8) stay the Action pending Final Approval of the Settlement; and (9) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

## VII.     <u>Settlement Administrator</u>

77.     The Parties agree that, subject to Court approval, Kroll shall be the Settlement Administrator. Class Counsel shall oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

78.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and ensuring the distribution of all Settlement Class Members Benefits.

79.     The Settlement Administrator's duties include the following:

a.      Completing the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice and sending out Long Form Notices and paper Claim Forms upon request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

b.      Establishing and maintaining the Settlement Fund and the Escrow Account;

c.      Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

d.      Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

e.      Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

f.      Responding to any mailed Settlement Class Member inquiries;

g.      Processing all opt-out requests from the Settlement Class;

h.      Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

i.      In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement

and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, including the value of all Claims for Cash Payment A, the number of Claims for Cash Payment B, and the number of Settlement Class Members who elected Medical Data Monitoring, and providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

        j.     Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

        k.     Ensuring the issuance of the Medical Data Monitoring activation codes to all Settlement Class Members who elect Medical Data Monitoring;

        l.     Paying Court-approved attorneys' fees, costs, and Service Awards out of the Settlement Fund;

        m.     Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

        n.     Any other Settlement administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments and Medical Data Monitoring activation codes have been properly distributed.

## VIII.   <u>Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures</u>

80.    No later than 10 days after Preliminary Approval Order, Defendant shall provide the Settlement Administrator and Class Counsel the names and addresses of Statutory Notice Recipients. That list of names and addresses shall become the Class List. To the extent necessary

and reasonable, Defendant will cooperate with updating the Class List to accomplish the Notice Program and otherwise administer the Settlement.

81.    Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using the Postcard Notice approved by the Court.

82.    All Settlement Class Members will be sent a Postcard Notice. The Postcard Notice shall include, among other information: (a) a description of the material terms of the Settlement; (b) how to submit a Claim Form; (c) the Claim Form Deadline; (d) the Opt-out Deadline which is the last day for Settlement Class members to opt-out of the Settlement Class; (e) the Objection Deadline which is the last day for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (f) the Final Approval Hearing date; and (g) the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel shall insert the correct dates and deadlines in the Notices before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

83.    The Settlement Administrator shall perform reasonable postal address traces. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose.

84.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement

Website makes available the Court-approved online Claim Form that can be submitted online directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

85.     The Long Form Notice will include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. Members of the Settlement Class may opt-out of the Settlement Class at any time before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than Opt-Out Deadline. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Mass or class requests to opt-out filed by third parties on behalf of a mass or class of Settlement Class members or multiple Settlement Class members where the opt-out has not been signed by each and every individual Settlement Class member will not be allowed. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid Claim.

86.     The Long Form Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct Settlement Class members to review the Long Form Notice to obtain the objection instructions. Objections must be sent to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice, and the Settlement Class Member must not have opted-out of

19

the Settlement Class. Objections submitted by mail must be postmarked on the envelope no later

than the last day of the Objection Deadline. If submitted by private courier (e.g., Federal Express),

an objection shall be deemed to have been submitted on the shipping date reflected on the shipping

label.

      87.    For an objection to be considered by the Court, the objection must also set forth:

      a.    the objector's full name, mailing address, telephone number, and email

address (if any);

      b.    all grounds for the objection, accompanied by any legal support for the

objection known to the objector or objector's counsel;

      c.    the number of times the objector has objected to a class action settlement

within the five years preceding the date that the objector files the objection, the caption of each

case in which the objector has made such objection, and a copy of any orders related to or ruling

upon the objector's prior objections that were issued by the trial and appellate courts in each listed

case;

      d.    the identity of all counsel who represent the objector, including any former

or current counsel who may be entitled to compensation for any reason related to the objection to

the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards;

      e.    the number of times in which the objector's counsel and/or counsel's law

firm have objected to a class action settlement within the five years preceding the date of the filed

objection, the caption of each case in which counsel or the firm has made such objection and a

copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections

that were issued by the trial and appellate courts in each listed case in which the objector's counsel

and/or counsel's law firm have objected to a class action settlement within the preceding five years;

f.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

i.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written discovery

88.     The Notice Program shall be completed in its entirety no later than 45 days before the original date set for the Final Approval Hearing.

**IX.    <u>Claim Process and Disbursement of Cash Payments and Medical Data Monitoring</u>**

89.     The Notice and the Settlement Website will explain to Settlement Class Members that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

90.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

91.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

92.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

93.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

94.     Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Settlement Class Member using

the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the physical or e-signature. A Settlement Class Member shall have until the Claim Form Deadline, or 15 days after the date the Notice of Deficiency is sent via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Settlement Class Member timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Settlement Class Member does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

95. Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

    a. Failure to fully complete and/or sign the Claim Form;

    b. Illegible Claim Form;

    c. The Claim Form is fraudulent;

    d. The Claim Form is duplicative of another Claim Form;

    e. The Claimant is not a Settlement Class Member;

    f. The Claimant submitted a timely and valid request to opt-out of the Settlement Class.

    g. The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

    h. Failure to submit a Claim Form by the Claim Form Deadline; and/or

    i. The Claim Form otherwise does not comply with the requirements of this

Settlement.

96.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

      a.     The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication;

      b.     A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph;

      c.     If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants; and

      d.     The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

97.     The Settlement Administrator shall provide all information gathered in investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

98.     No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

99.     No later than 10 days after the Effective Date, Defendant shall fund the remainder of the Settlement Fund—*i.e.* the $5,800,000, which represents the $6,300,000 less the $500,000

funded to cover Settlement Administration Costs pursuant to Paragraph 71, above.

100.    No later than 75 days after Final Approval or 30 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

101.    Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Following Final Approval, the Settlement Administrator will set up a website by which Settlement Class Members can select a form of electronic payment or to receive payment by paper check. In the event a Settlement Class Member does not make an election or there is a problem with issuance of an electronic payment, a paper check will be sent to the Settlement Class Member's last known address. Settlement Class Members shall have 90 days to select their form of payment. Paper checks must be negotiated within 90 days of issuance. In the event the Settlement Administrator is unable to distribute funds to the Settlement Class Members entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and such Settlement Class Members shall forfeit their entitlement right to the funds.

102.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are first able to select their form of payment, said funds attributable to unclaimed and undeliverable funds shall be treated as residual funds as described in Section XII.

103.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Medical Data Monitoring with information on how to enroll in the Medical Data Monitoring, including the activation code.

## X.    **Final Approval Order and Final Judgment**

104.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs and Service Awards, provided the objectors submitted timely objections that meet all requirements listed in this Agreement.

105.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs and Service Awards. Such proposed Final Approval Order shall, among other things:

    a.    Determine that the Settlement is fair, adequate and reasonable;

    b.    Finally certify the Settlement Class for settlement purposes only;

    c.    Determine the completed Notice Program satisfies Due Process requirements;

    d.    Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

    e.    Release Defendant and the Released Parties from the Released Claims, as specified in Section XIII below; and

    f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties

to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    Attorneys' Fees, Costs, and Service Awards

106.    *Attorneys' Fees and Costs* – Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs. The attorneys' fees and cost approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel within 15 days of the Effective Date. Class Counsel shall be responsible for allocating and distributing attorneys' fees among all Plaintiffs' counsel.

107.    *Service Awards* – Class Counsel shall apply to the Court for Service Awards for the Class Representatives of up to $2,500.00 each. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund directly to the Class Representatives within 15 days of the Effective Date.

108.    Attorneys' fees, costs, and Service Awards were not negotiated by the Parties until all other material terms of the Settlement had been determined. This Settlement is not contingent on approval of the request for attorneys' fees, costs, and Service Awards and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force.

## XII.    Disposition of Residual Funds

109.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are first able to select their form of payment, any residual shall be distributed to the Electronic Privacy Information Center, to be approved by the Court.

## XIII.  **Releases**

110.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged Released Parties from any and all Released Claims.

111.    The Releasing Parties expressly waive all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, based on any of the Released Claims.

112.    Settlement Class Members who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims arising out of related to the Data Incident and will not obtain any of the Settlement Class Member Benefits under the Settlement.

113.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting all Released Claim, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local

court or tribunal.

114.     The power to enforce any term of this Settlement is not affected by the releases in this section.

**XIV.     Termination of Settlement**

115.     This Agreement shall be subject to and is expressly conditioned on the occurrence of all the following events:

a.     Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b.     The Court has entered the Preliminary Approval Order;

c.     The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.     The Effective Date has occurred.

116.     If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition of approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

117.     In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

118.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to the Defendant as described hereinabove. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid or incurred.

## XV.    **Effect of Termination**

119.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

120.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.    **No Admission of Liability**

121.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continue to deny each of the claims and contentions alleged in the Complaint. Defendant does not admit any liability or wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid

the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

122.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

123.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

124.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

125.    In addition to any other defenses Defendant or the Released Parties may have at

law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a

full and complete defense to and may be used as the basis for an injunction against, any action,

suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this

Agreement or the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

126.  ***Confidentiality***. To the extent permitted by ethics rules, the Parties and their counsel

shall keep confidential all settlement communications, including communications regarding the

negotiation and drafting of this Agreement. This paragraph shall not be construed to limit or

impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed

to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has

settled or limit the representations that the Parties or their counsel may make to the Court to assist

in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any

objection to the Settlement's terms. Defendant may also provide information about the Agreement

to its attorneys, members, partners, insurers, brokers, agents, and other persons or entities as

required by securities laws, other applicable laws and regulations, and as necessary to affect the

Settlement.

127.  ***Gender and Plurals***. As used in this Agreement, the masculine, feminine, or neuter

gender, and the singular or plural number, shall each be deemed to include the others whenever

the context so indicates.

128.  ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the

benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

129.  ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good

faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do

32

all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

130. ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

131. ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

132. ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

133. ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Rhode Island, without regard to the principles thereof regarding choice of law.

134. ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted through email of a PDF shall be deemed an original.

135. ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be

resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

136.    ***Notices***. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

> **If to Plaintiffs or Class Counsel**:
>
> Jeff Ostrow
> **Kopelowitz Ostrow P.A.**
> 1 West Las Olas Blvd., Ste. 500
> Fort Lauderdale, FL 33301
> ostrow@kolawyers.com
>
> Danielle L. Perry
> **Mason LLP**
> 5335 Wisconsin Ave. NW, Suite 640
> Washington, DC 20015
> dperry@masonllp.com
>
> **If to Defendant or Defendant's Counsel**:
>
> Elizabeth D. Adler
> Phyllis B. Sumner
> **King & Spalding LLP**
> 1180 Peachtree St., NE, Ste. 1600
> Atlanta, Georgia 30309
> eadler@kslaw.com
> psumner@kslaw.com

The notice recipients and addresses designated above may be changed by written notice. Upon the

request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received because of the Notice Program.

137.    ***Modification and Amendment***. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

138.    ***No Waiver***. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

139.    ***Authority***. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all terms and provisions of this Agreement.

140.    ***Opt-outs***. Defendant may also unilaterally terminate this Agreement on seven (7) days written notice to Class Counsel if more than a specified number of individuals submit valid Requests for Exclusion, as agreed to by the Parties and submitted to the Court for in camera review.

141.    ***Agreement Mutually Prepared***. Neither Plaintiffs nor Defendant shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

142.    ***Independent Investigation and Decision to Settle***. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect

limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

143.     ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signatures on the following page*

**CLASS COUNSEL** (On Behalf of the Plaintiffs and the Settlement Class)


*Jeffrey Ostrow*
JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**


DANIELLE PERRY
**MASON LLP**


**DELOITTE CONSULTING LLP'S COUNSEL** (On Behalf of Defendant)


PHYLLIS B. SUMNER
**KING & SPALDING LLP**

37

# EXHIBIT 1
# (POSTCARD NOTICE)

Pannozzi v. Deloitte
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

**ELECTRONIC SERVICE REQUESTED**

Court-Approved Legal Notice

*Pannozzi v. Deloitte Consulting LLP*
Case No. 1:24-cv-00524-MRD-LDA

**If you are a living individual residing in the United States who was sent a notice of the Data Incident by the State of Rhode Island  indicating your Private Information may have been  impacted in the Data Incident, you are eligible to  receive a Settlement Class Member Benefit from a  class action Settlement**

*A Court has authorized this Postcard Notice.*
*This is __not__ a solicitation from a lawyer.*

**www.website.com**
**(XXX) XXX-XXXX**

<<Refnum Barcode>>

CLASS MEMBER ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<zip4>>
<<Country>>

A Settlement has been reached in a class action lawsuit about a Data Incident that occurred on or about December 5, 2024. On or about December 5, 2024, cyber-criminals allegedly accessed and acquired information stored on the State of Rhode Island's RIBridges computer system. The information may have included names, addresses, dates of birth, Social Security numbers, banking information, telephone number, and health information. As result, the State of Rhode Island sent letters notifying 735,501 individuals that their Private Information may have been impacted in the Data Incident. Defendant denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Defendant have done anything wrong.

**Who is Included?** You received this Notice because records indicate you are likely a Settlement Class Member. The Settlement Class includes all living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

**What does the Settlement Provide?** Settlement Class Members may be able to receive the following Settlement Class Member Benefits by filing a timely and Valid Claim online or by mail **postmarked by <Claim Form Deadline>**:

- **Cash Payment A - Documented Losses:** Settlement Class Members may submit a claim for a Cash Payment for up to $5,000 per Settlement Cass Member upon submission of reasonable documented losses related to the Data Incident; **OR**
- **Cash Payment B - Alternate Cash:** Instead of Cash Payment A, Settlement Class Members may elect an estimated $100 Cash Payment;

### IN ADDITION TO A CASH PAYMENT, SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR:

- **Medical Data Monitoring:** Settlement Class Members may also make a claim for Medical Data Monitoring that will include two (2) years of CyEx's Medical Data Monitoring product.

**How do I get a Settlement Class Member Benefit?** To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at **www.website.com** or by mail to **<Mailing Caption>** , c/o Kroll Settlement Administration LLC, P.O. Box **XXXX**, New York, NY 10150-**XXXX**. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **<<Claim Form Deadline>>** or by mail **postmarked by <<Claim Form Deadline>>.**

**Other Options.** If you do not want to remain in the Settlement Class, you must opt-out no later than **<Opt-Out Deadline>**. If you do not opt-out, you will give up the right to sue and will release the Defendant and Released Parties about the legal claims in this lawsuit. If you do not opt-out, you may object to the Settlement by **<Objection Deadline>**. The Long Form Notice on the Settlement Website has instructions on how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **DATE** at **TIME** ET, to consider whether to approve the Settlement, Class Counsel's request for attorneys' fees of up to one-third of the $6,300,000 Settlement Fund ($2,100,000), plus reimbursement of costs, the request for Service Awards in the amount of $2,500 to each Class Representative as well as any objections to the Settlement. If you timely object you or your lawyer may attend and ask to appear at the hearing, but you are not required to do so.

**This Postcard Notice is a summary.** Learn more about the Settlement or update your address at **www.website.com**, or by calling toll-free **(XXX) XXX-XXXX**.



BRM

Class Member ID: <<Refnum>>



**VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE PROVIDED QR CODE**

### POSTCARD CLAIM FORM

To submit a claim for Cash Payment B – Alternate Cash, please complete the below form, sign, and mail this portion of the postcard to the Settlement Administrator by **no later than DATE**. *Note:* Claims for Cash Payment A – Documented Losses require supporting documentation and therefore must be submitted online at **www.website.com** or mailed to the Settlement Administrator with a separate Claim Form. To receive a Cash Payment B – Alternate Cash from this Settlement via an electronic payment, you must submit a Claim Form electronically at **www.website.com** by **DATE**.

Class Member ID: <<refnum>>

<<firstname>> <<mi>> <<lastname>>
<<address1>> <<address2>>
<<City>>, <<State>> <<Zip>>

If different address from the preprinted data on the left, please print your correct information.

First Name _____   Last Name _____

Address _____

City _____   State ____   ZipCode ____ ____ ____ ____

( _____ ) _____ - _____                    _____@_____
T**elephone Number**                                **Email Address**

#### Cash Payment Cash Payment

[ ] Yes, I choose an *estimated* $100 Cash Payment.

**Medical Data Monitoring**

[ ] Yes, I choose two (2) years of CyEx's Medical Data Monitoring.

### SIGN AND DATE YOUR CLAIM FORM

I declare under penalty of perjury that the information supplied in this Claim Form is true and correct. I authorize the Settlement Administrator to contact me, using the contact information set forth above, to obtain any necessary supplemental information

Signature: _____   Print Name: _____   Dated: ___ ___ /___ ___/ _____

# EXHIBIT 2
# (LONG FORM NOTICE)

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

**United States District Court for the District of Rhode Island**

***Pannozzi v. Deloitte Consulting LLP***
**Case No. 1:24-cv-00524-MRD-LDA**

**A Court has authorized this Long Form Notice ("Notice"). This is not a solicitation from a lawyer.**

---

**If You Are a Living Individual Residing in the United States Who Was Sent a Notice of the Data Incident by the State of Rhode Island Indicating Your Private Information May Have Been Impacted in the Data Incident, You Are Eligible to Receive a Settlement Class Member Benefit from a Class Action Settlement**

---

- A Court authorized this Notice, to those that are eligible to receive Settlement Class Member Benefits from a proposed class action Settlement. The Action is titled *Pannozzi v. Deloitte Consulting LLP,* Case No. 1:24-cv-00524-MRD-LDA and is pending in the United States District Court for the District of Rhode Island. The case arises from a Data Incident involving the Rhode Island RIBridges system. The person that filed the class action lawsuit is called Plaintiffs or Class Representatives and the company they sued is Deloitte Consulting LLP ("Defendant"). Defendant denies any wrongdoing whatsoever.

- **Who is a Settlement Class Member?**

    All living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

  Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

- Settlement Class Members under the Settlement Agreement will be eligible to receive <u>one or more</u> of the following Settlement Class Member Benefits:

    - ❖ **Cash Payment A - Documented Losses:** Settlement Class Members may submit a claim for a Cash Payment for **up to $5,000** per Settlement Cass Member upon submission of reasonable documented losses related to the Data Incident;

  **OR**

    - ❖ **Cash Payment B - Alternate Cash:** Instead of Cash Payment A above**,** Settlement Class Members may elect an *estimated* **$100** Cash Payment.

**IN ADDITION TO A CASH PAYMENT, ALL SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR THE FOLLOWING:**

    - ❖ **Medical Data Monitoring:** Settlement Class Members may also make a claim for

Medical Data Monitoring that will include two (2) years of CyEx's medical data monitoring product.

All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund.

- To obtain more information visit **www.website.com** or call **(XXX) XXX-XXXX.**

**Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive a Cash Payment and/or Medical Data Monitoring. | Submitted or postmarked on or before **<<Claim Form Deadline>>.** |
| **Exclude Yourself by Opting Out of the Settlement Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Defendant relating to the Data Incident. | Mailed and postmarked on or before **<<Opt-Out Deadline>>.** |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement or the Application for Attorneys' Fees, Costs, and Service Awards. The Court cannot order a different settlement. You can also ask to speak at the Final Approval Hearing on **<<Final Approval Hearing date>> at [TIME] ET,** about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before **<<Objection Deadline>>.** |
| **Do Nothing** | You will not receive a Cash Payment and/or Medical Data Monitoring from this class action Settlement, but will remain a Settlement Class Member and be bound by the Releases. | N/A |

- Your rights and options as a Settlement Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.
- The Court still will have to decide whether to approve the Settlement. Settlement Class Member Benefits will be made available only if the Court approves the Settlement and after

Questions? Go to **www.website.com** or call **(XXX) XXX-XXXX**

- 2 -

any possible appeals are resolved.

| What This Notice Contains |
|---|

**Basic Information** ........................................................................................................... **4**

**Who is in the Settlement** ................................................................................................ **5**

**The Settlement Class Member Benefits—What You Get if You Qualify** ..................................... **5**

**How Do You Submit a Claim** ........................................................................................... **6**

**Excluding Yourself from the Settlement** ............................................................................ **7**

**Objecting to the Settlement** ............................................................................................ **8**

**The Lawyers Representing You** ........................................................................................ **9**

**The Court's Final Approval Hearing** ............................................................................... **10**

**If You Do Nothing** ......................................................................................................... **10**

**Additional Information** ................................................................................................... **10**

## BASIC INFORMATION

| **1.    Why is there a Notice?** |
|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give Final Approval to the Settlement. This Notice explains the nature of the Action that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Judge _____ of the United States District Court for the District of Rhode Island is overseeing this case captioned as *Pannozzi v. Deloitte Consulting LLP,* Case No. 1:24-cv-00524-MRD-LDA. The people who brought the lawsuit are called the Class Representatives. The company being sued, Deloitte Consulting LLP, is called the Defendant.

| **2.    What is the Action about?** |
|---|

Defendant is a consulting firm that provides services to a wide range of clients, including governmental agencies and private companies. Defendant entered into an agreement with the State of Rhode Island to maintain and operate, at the State's direction, RIBridges, the State's system for providing benefits, health insurance, and other programs to certain Rhode Islanders.

The Action alleges on or about December 5, 2024, cybercriminals unlawfully accessed and acquired information stored on RIBridges' computer systems. The information included names, addresses, dates of birth, Social Security numbers, banking information, telephone number, and health information. As result, the State of Rhode Island sent letters notifying 735,501 individuals that their Private Information may have been impacted in the Data Incident.

Defendant denies any wrongdoing whatsoever. No court or other judicial  body has made any judgment or other determination that Defendant has done anything wrong.

| **3.    Why is this a class action?** |
|---|

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all of these people are called a "Settlement Class," and the individuals are called "Settlement Class Members." One court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

| **4.    Why is there a Settlement?** |
|---|

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Settlement Class Members. The Class Representative appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel, think the Settlement is best for all Settlement Class Members.

**WHO IS IN THE SETTLEMENT?**

| **5.   How do I know if I am part of the Settlement?** |
| --- |

You are affected by the Settlement and potentially a Settlement Class Member if you are a living individual residing in the United States who was sent a notice of the Data Incident by the State of Rhode Island indicating their Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are: (1) all persons who are directors, officers, and agents of Defendant, or their respective subsidiaries and affiliated companies; (2) governmental entities; and (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff and (4) any Settlement Class Member who timely and validly requests to opt-out from the Settlement.

| **6.   What if I am not sure whether I am included in the Settlement?** |
| --- |

If you are not sure whether you are included in the Settlement, you may call **(XXX) XXX-XXXX** with  questions. You may also write with questions to:

*Pannozzi v. Deloitte*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**THE SETTLEMENT CLASS MEMBER BENEFITS–WHAT YOU GET IF YOU QUALIFY**

| **7.   What does the Settlement provide?** |
| --- |

The Settlement provides  the following Settlement Class Member Benefits available to Settlement Class Members who submit Valid Claims: (a) Cash Payment A – Documented Losses; or (b) Cash Payment B – Alternate Cash; and in addition to a Cash Payment (c) Medical Data Monitoring – two (2) years of CyEx's medical data monitoring product.

| **8.   What Settlement Class Member Benefits are available under the Settlement?** |
| --- |

Settlement Class Members that submit a valid and timely Claim Form may select <u>one or more</u> of the following Settlement Class Member Benefits:

a) ***Cash Payment A - Documented Losses:*** Settlement Class Members may submit a claim for a Cash Payment for up to $5,000 per Settlement Cass Member upon submission of reasonable documented losses related to the Data Incident;

- To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documenting losses.

- Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid;

- *Non-exhaustive examples of reasonable documentation include* telephone records, correspondence including emails, or receipts. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation.

- Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter or otherwise.

- If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her claim, the claim will be rejected and the Settlement Class Member's claim will be as if he or she elected Cash Payment B.

**OR**

b) ***Cash Payment B - Alternate Cash:*** Settlement Class Members may elect an *estimated* $100 Cash Payment.

**IN ADDITION TO A CASH PAYMENT, SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR:**

c) ***Medical Data Monitoring:*** Settlement Class Members may also make a claim for Medical Data Monitoring that will include two (2) years of CyEx's Medical Data Monitoring product that will include: (i) real time monitoring of the credit file with one credit bureau; (ii) dark web scanning with immediate notification of potential unauthorized use; (iii) security freezing assistance; (iv) victim assistance; (v) $1,000,000 in identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolve instances of identity theft.

All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund.

### HOW DO YOU SUBMIT A CLAIM?

| **9.   How do I get a Settlement Class Member Benefit?** |
| --- |

To receive a Settlement Class Member Benefit, you must complete and submit a Claim Form online at www.website.com or by mail to *Pannozzi v. Deloitte*, c/o Kroll Settlement Administration LLC, P.O. Box XXXX, New York, NY 10150-XXXX. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **<<Claim Form Deadline>>** or by mail **postmarked by <<Claim Form Deadline>>**.

**TO RECEIVE AN ELECTRONIC OR ACH PAYMENT FOR YOUR VALID CLAIM, YOU MUST FILE A CLAIM FORM ONLINE AT WWW.WEBSITE.COM**

**Questions? Go to www.website.com or call (XXX) XXX-XXXX**

**10.  When will I get my Settlement Class Member Benefit?**

The Court will hold a Final Approval Hearing on <<Date>>, at <<Time>> **a.m. ET** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision and resolving them can take time. It also takes time for all of the Claim Forms to be processed. Please be patient. Cash Payments and Medical Data Monitoring codes will be sent to Settlement Class Members after the Settlement has obtained Court approval and the time for all appeals has expired.

**11.  What am I giving up as part of the Settlement?**

Defendant, Rhode Island, and the entities defined below will receive a Release from all claims that were brought or could have been brought against any of them relating to the Data Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Settlement Class Member and you will give up your right to sue Defendant, Rhode Island and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, departments, agencies, offices, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors, and trustees, in its capacity as such and assigns of each of them as well as covered entities associated with the Data Incident. These Releases are described in Section XIII of the Settlement Agreement, which is available at **www.website.com.** If you have any questions, you can talk to Class Counsel  listed in **Question 17** for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Settlement Class. This is sometimes referred to as "opting-out" of the Settlement Class.

**12.  If I exclude myself, can I get a Settlement Class Member Benefit from this Settlement?**

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

**13.  If I do not exclude myself, can I sue the Released Parties for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendant and any other Released Parties for any claim that could have been or was brought relating to the Data Incident. You must exclude yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**14.  How do I exclude myself from the Settlement?**

To exclude yourself, send a request to opt-out or written notice of intent to opt-out that says you want to be excluded from the Settlement. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of the

Settlement Agreement even if he or she does not submit a claim. You must mail your request to opt-out to the Settlement Administrator **postmarked by** <<Opt-Out Deadline>>, to:

*Pannozzi v. Deloitte*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

### OBJECTING TO THE SETTLEMENT

| **15. How do I tell the Court that I do not like the Settlement?** |
| --- |

You can tell the Court that you do not agree with the Settlement, and/or Application for Attorneys' Fees, Costs, and Service Awards or some part of it by objecting to the Settlement. Objections must be sent to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator at the addresses listed below, **postmarked by no later than** <<Objection Deadline>>.

| **Defendant's Counsel** | **Class Counsel** |
| --- | --- |
| Elizabeth D. Adler<br>Phyllis B. Sumner<br>**King & Spalding LLP**<br>1180 Peachtree St., NE, Ste. 1600<br>Atlanta, Georgia 30309<br>eadler@kslaw.com<br>psumner@kslaw.com | Jeff Ostrow<br>**Kopelowitz Ostrow P.A.**<br>1 West Las Olas Blvd., Ste. 500<br>Fort Lauderdale, FL 33301<br>ostrow@kolawyers.com<br><br>Danielle L. Perry<br>**MASON LLP**<br>5335 Wisconsin Ave. NW, Suite 640<br>Washington, DC 20015<br>dperry@masonllp.com |
| **Clerk of the Court** | **Settlement Administrator** |
| <Court Address> | *Pannozzi v. Deloitte*<br>c/o Kroll Settlement Administration LLC<br>P.O. Box XXXX<br>New York, NY 10150-XXXX |

For an objection to be considered by the Court, the objection must include all of the following:

i)     the objector's full name, mailing address, telephone number, and email address (if any);

ii)    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

iii)   the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

iv)     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards;

v)     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

vi)     the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

vii)     a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

viii)     a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

ix)     the objector's signature (an attorney's signature is not sufficient).

Class Counsel and Defendant's Counsel may conduct discovery on any objector or his counsel, including taking depositions and propounding document requests.

## 16.  What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Settlement Class Member. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any benefit from the Settlement.

## THE LAWYERS REPRESENTING YOU

## 17.  Do I have a lawyer in this case?

Yes. The Court appointed Jeff Ostrow of Kopelowitz Ostrow P.A. and Danielle Perry of Mason LLP, as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 18.  How will the Class Counsel be paid?

Class Counsel shall apply to the Court for an award of attorneys' fees of up to one-third of the Settlement Fund ($2,100,000), plus reimbursement of costs. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Class Counsel shall apply to the Court for Service Awards for the Class Representatives of up to $2,500 each. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund directly to the Class Representatives.

Any attorneys' fees, costs and Service Award payments must be approved by the Court. The Court may award less than the amounts requested.

## THE COURT'S FINAL APPROVAL HEARING

**19.  When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on **<<Date>> at <<Time>>** ET, at the **<<Court Address>>, Room ___** as ordered by the Court. At this hearing, the Court will consider  whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections,  the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the Application for Attorneys' Fees, Costs, and Service Awards payments. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommends checking the Settlement Website **www.website.com**, or calling **(XXX) XXX-XXXX**.

**20.  Do I have to attend the hearing?**

No. Class Counsel will present the Settlement Class to the Court. You or your  own lawyer are welcome to attend at your expense, but you are not required to do so. If you send  an objection, you do not have to visit the Court to talk about it. As long as you filed your  written objection on time with the Court and mailed it according to the instructions provided in  **Question 15**, the Court will consider it.

**21.  May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an objection according to the instructions in **Question 15**, including all the information required. Your objection must be **mailed** to the Clerk of the Court, Class Counsel, Defendant's Counsel and the Settlement Administrator, at the mailing addresses listed above, **postmarked by no later than <<end of the Objection Period>>**.

## IF YOU DO NOTHING

**22.  What happens if I do nothing?**

If you do nothing, you will not receive any Settlement Class Member Benefits from this Settlement. If the Settlement is granted  Final Approval and becomes final, you will not be able to start a lawsuit, continue  with a lawsuit, or be part of any other lawsuit against Defendant or the other Released Parties based on any claim that could have been or that was brought relating to the Data Incident.

## ADDITIONAL INFORMATION

**23.  How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself.  A copy of the Settlement Agreement is available at **www.website.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at **(XXX) XXX-XXXX**.

Questions? Go to **www.website.com** or call **(XXX) XXX-XXXX**

- 10

**24.  What if my contact information changes or I no longer live at my address?**

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, calling toll-free **(XXX) XXX-XXXX** or at the Contact page of the Settlement Website:

*Pannozzi v. Deloitte*
c/o Kroll Settlement Administration LLC
P.O. Box XXXX
New York, NY 10150-XXXX

**PLEASE DO NOT CONTACT THE COURT, CLERK OF THE COURT OR CLASS COUNSEL FOR INFORMATION ABOUT THE CLASS ACTION SETTLEMENT**

# EXHIBIT 3
# (CLAIM FORM)

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0

> **Your claim must be submitted online or <u>postmarked by</u>:** <mark>**<<Claim Form Deadline>>**</mark>

**<u>CLAIM FORM FOR RIBRIDGES / DELOITTE DATA INCIDENT ACTION</u>**

*Pannozzi v. Deloitte Consulting LLP*
Case No. 1:24-cv-00524-MRD-LDA
United States District Court for the District of Rhode Island

> **DELOITTE-C**

## **<u>GENERAL INSTRUCTIONS</u>**

You are a Settlement Class Member if you are a living individual residing in the United States who was sent a notice of the Data Incident by the State of Rhode Island indicating their Private Information may have been impacted in the Data Incident. You may submit a Claim for a Settlement Class Member Benefit, outlined below.

Please refer to the Long Form Notice posted on the Settlement Website <mark>www.Website.com</mark>, for more information on submitting a Claim Form and if you are part of the Settlement Class.

**<u>To receive a Settlement Class Member Benefit from this Settlement via an electronic payment, you must submit the Claim Form below electronically at <mark>www.Website.com</mark> by <mark><<Claim Form Deadline>></mark>.</u>**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*Pannozzi v. Deloitte*
c/o Kroll Settlement Administration LLC
P.O. Box <mark>XXXX</mark>
New York, NY 10150-<mark>XXXX</mark>

Settlement Class Members under the Settlement Agreement will be eligible to receive <u>one or more</u> of the following Settlement Class Member Benefits:

- ❖ **Cash Payment A - Documented Losses:** Settlement Class Members may submit a claim for a Cash Payment for **up to $5,000** per Settlement Cass Member upon submission of reasonable documented losses related to the Data Incident;

**OR**

- ❖ **Cash Payment B - Alternate Cash:** Instead of Cash Payment A above**,** Settlement Class Members may elect an *estimated* **$100** Cash Payment.

**IN ADDITION TO A CASH PAYMENT, ALL SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM FOR THE FOLLOWING:**

- ❖ **Medical Data Monitoring:** Settlement Class Members may also make a claim for Medical Data Monitoring that will include two (2) years of CyEx's medical data monitoring product.

All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund.

**Questions? Go to <mark>www.Website.com</mark> or call toll-free <mark>(XXX) XXX-XXXX</mark>.**

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

## I. PAYMENT SELECTION

If you would like to elect to receive your Cash Payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II. SETTLEMENT CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____     _____

**First Name**                         **Last Name**

_____

**Address 1**

_____

**Address 2**

_____     ___ ___     ___ ___ ___ ___ ___ ___

**City**                                            **State**        **Zip Code**

**Email Address:** _____@_____

## III. PROOF OF DATA INCIDENT SETTLEMENT CLASS MEMBERSHIP

☐  Check this box to certify if you are a living individual residing in the United States who was sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

Enter the Class Member ID Number provided on your Email or Postcard Notice:

**Class Member ID: 0 0 0 0 0 ___ ___ ___ ___ ___ ___ ___**

## IV. CASH PAYMENT A - DOCUMENTED LOSSES

All Settlement Class Members may submit a Claim for a Cash Payment for up to $5,000 per Settlement Cass Member upon submission of reasonable documented losses related to the Data Incident.

- To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documenting losses.

- Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid;

- Non-exhaustive examples of reasonable documentation include telephone records, correspondence including

**Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.**

*0000000000000*

0 0 0 0 0 0 0 0 0 0 0 0 0

emails, or receipts. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation.

- Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the notification letter from the Data Incident or otherwise.

If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her claim, the claim will be rejected and the Settlement Class Member's claim will be as if he or she elected Cash Payment B.

**You must have Documented Losses incurred as a result of the Data Incident and submit documentation to obtain this benefit.**

☐ I have attached documentation showing that the documented losses were more likely than not caused by the Data Incident. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

| Cost Type (Fill all that apply) | Approximate Date of Documented Losses | Amount of Documented Losses | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___/___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | __ ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

\*0000000000000\*

0 0 0 0 0 0 0 0 0 0 0 0

## V. CASH PAYMENT B – ALTERNATE CASH

Instead of Cash Payment A – Documented Losses above, Settlement Class Members may elect an *estimated $100 Cash Payment.*

☐ Yes, I choose an *estimated* $100 Cash Payment. **You may not submit a claim for Cash Payment A – Documented Losses above.**

All Cash Payments will be subject to a *pro rata* (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund or (b) decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund.

**IN ADDITION TO A CASH PAYMENT, SETTLEMENT CLASS MEMBERS MAY ALSO SUBMIT A CLAIM TO RECEIVE MEDICAL DATA MONITORING**

## VI. MEDICAL DATA MONITORING

☐ **Two (2) years of CyEx's Medical Data Monitoring**

Settlement Class Members may also make a claim for Medical Data Monitoring that will include two (2) years of CyEx's Medical Data Monitoring product that will include: (i) real time monitoring of the credit file with one credit bureau; (ii) dark web scanning with immediate notification of potential unauthorized use; (iii) security freezing assistance; (iv) victim assistance; (v) $1,000,000 in identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolve instances of identity theft.

## VII. ATTESTATION & SIGNATURE

I swear and affirm under the laws of my state that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____    ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                            Date

_____
Print Name

Questions? Go to www.Website.com or call toll-free (XXX) XXX-XXXX.

\*00000\*                    \*CF\*                    \*Page 4\*
000000                        CF                    Page 4 of 4

# EXHIBIT 4
# (PRELIMINARY APPROVAL ORDER)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD J. PANNOZZI, PAOLA BALDOMAR, MEREDITH BRANDT, MONICA DEPINA, MEGHAN KONOPKA, JOAN RATCLIFFE, and RENEE TRIGUEIRO, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE CONSULTING LLP,<br><br>Defendant. | **CASE NO. 1:24-cv-00524-MRD-LDA** |

## [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Incorporated Memorandum of Law [ECF No. ____ ] for consideration of whether the Settlement[1] reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form be approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the proposed Settlement Class should be preliminarily certified, and the proposed Notice Program, Notices, Claims Process, and Claim Form approved. Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

---

[1] All capitalized terms used herein shall have the same definitions as those in Section II of the Settlement Agreement, attached to the Motion for Preliminary Approval as *Exhibit A*.

1

<u>**Provisional Certification of the Settlement Class**</u>

1.      The Court provisionally certifies the following Settlement Class for settlement purposes only, finding it is likely to final certify it at the final approval stage:

> All living individuals residing in the United States who were sent a notice of the Data Incident indicating that their Private Information may have been impacted in the Data Incident.

2.      The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000 exclusive of interest and costs, as required by 28 U.S.C. § 1332.  The Court also has personal jurisdiction over the Parties and the Settlement Class.

3.      The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

4.      Plaintiffs, Ronald J. Pannozzi, Paola Badlomar, Meredith Brandt, Monica Depina, Meghan Konopka, Joan Ratcliffe, and Renee Trigueiro are designated and appointed as the Class Representatives.

5.      Jeff Ostrow of Kopelowitz Ostrow P.A and Danielle Perry of Mason LLP are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that these counsel

are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement

6.    Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2) and the Third Circuit's traditional *Girsh* factors outlined in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

### Final Approval Hearing

7.    A Final Approval Hearing shall take place before the Honorable Melissa R. DubBose on _____, ___, 2025, at ___ :____a.m./p.m at One Exchange Terrace, Federal Building and Courthouse, Providence, Rhode Island  02903 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

3

8.      Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, and Service Awards of up to $2,500.00 per Class Representative to be paid from the Settlement Fund. These amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards.

9.      Class Counsel shall file the Motion for Final Approval and Application for Attorneys' Fees and Costs no later than 45 days before the initial scheduled Final Approval Hearing date. At the Final Approval Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and Service Awards.

10.     Any Settlement Class Member that has not timely and properly opted-out from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, no Settlement Class Member that has elected to opt-out from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Preliminary Approval Order pertaining to objections, which are described below.

## Settlement Administration

11.     Kroll Settlement Administration LLC is appointed as the Settlement Administrator, with responsibility for handling the Notice Program and overseeing the Claims Process. All Settlement Administration Costs incurred by the Settlement Administrator will be paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12.     The Notice, including the Postcard Notice, and Long Notice Form, along with the Claim Form, attached as exhibits to the Settlement Agreement, satisfy the requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13.     The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class members.

14.     The names and addresses of Statutory Notice Recipients, provided by Class Counsel to the Settlement Administrator as the Class List under the proposed Settlement, shall be used solely for the purposes of accomplishing the Notice Program and administering the Settlement. This information shall not be used for any other purpose.

**<u>Opting-Out of the Settlement Class</u>**

15.     Any Settlement Class member that wishes to opt-out of the Settlement must submit a written notification of such intent either electronically or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out

Deadline, which is 30 days before the initial scheduled Final Approval Hearing date. The opt-out request must be personally signed by the Settlement Class member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class.  Any Settlement Class member who does not submit a valid and timely request to opt-out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

16.    Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed.

17.    All Settlement Class members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

### **Objecting to the Settlement**

18.    A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

19.    No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline, which shall be 30 days before the initial scheduled Final Approval Hearing date. For the objection to be

6

considered by the Court, the written objection must include:

a.    the objector's full name, mailing address, telephone number, and email address (if any);

b.    all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

c.    the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

d.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

e.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

f.    the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

g.    a list of all persons who will be called to testify at the Final Approval Hearing in

support of the objection (if any);

h.      a statement confirming whether the objector intends to personally appear and/or

testify at the Final Approval Hearing; and

i.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or

objector's counsel, including taking the objector's deposition or requesting documents, to be

completed before the Final Approval Hearing.

20.     Objections must be sent to the Clerk of Court, and sent by U.S. Mail to Class

Counsel, Defendant's Counsel, and the Settlement Administrator, at the addresses listed on the

Long Form Notice and which will also appear on the Settlement Website

21.     Any Settlement Class Member who fails to object to the Settlement in the manner

described herein shall be deemed to have waived any such objection, shall not be permitted to

object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be

precluded from seeking any review of the Settlement or the terms of this Preliminary Approval

Order by appeal or any other means.

**Claims Process and Distribution Plan**

22.     The Settlement establishes a Claims Process for assessing and determining the

validity and value of Claims and a methodology for paying Settlement Class Members that submit

a Valid Claim.  The Court preliminarily approves this process.

23.     Settlement Class members that qualify for and wish to submit a Claim shall do so

in accordance with the requirements and procedures specified in the Settlement, including the

requirements and procedures in the Claim Form. If the Settlement is finally approved, all

Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to

submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the Releases, and the Final Approval Order and final judgment.

### Termination of the Settlement and Use of this Order

24.     This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date.  In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

25.     If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

## Stay of Proceedings

26.     Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

27.     Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

## Adjournment or Continuance of Final Approval Hearing

28.     The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

## Jurisdiction Pending Settlement Approval

29.     For the benefit of the Settlement Class and to protect this Court's jurisdiction, this Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

**Summary of Deadlines**

30.    The Settlement, as preliminarily approved shall be administered according to its

terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 30 days following the Preliminary Approval Order |
| Deadline to complete Notice Program | 45 days before the initial scheduled Final Approval Hearing date |
| Deadline for filing Motion for Final Approval | 45 days before the initial scheduled Final Approval Hearing date |
| Opt-Out Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Objection Deadline | 30 days before the initial scheduled Final Approval Hearing date |
| Claim Form Deadline | 15 days before the intial scheduled Final Approval Hearing date |
| Final Approval Hearing | _____, 2025, at ___:___ a.m./p.m. (at least 100 days after the motion for preliminary approval is filed, or soon thereafter depending on the Court's availability). |

**DONE AND ORDERD** in Chambers in Providence, Rhode Island, this ____ day of

_____, 2025.

_____
MELISSA R. DUBOSE
UNITED STATES DISTRICT JUDGE

# EXHIBIT 5
# (FINAL APPROVAL ORDER)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| RONALD J. PANNOZZI, PAOLA BALDOMAR, MEREDITH BRANDT, MONICA DEPINA, MEGHAN KONOPKA, JOAN RATCLIFFE, and RENEE TRIGUEIRO, *individually and on behalf of all others similarly situated*, | **CASE NO. 1:24-cv-00524-MRD-LDA** |
| Plaintiffs, | |
| v. | |
| DELOITTE CONSULTING LLP, | |
| Defendant. | |

## [PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [ECF No. ____ ];

WHEREAS, on _____, 2025, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)-(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [ECF No. _____];

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Postcard Notice and the Long Form Notice was

available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on _____, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class members.

2.      This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3.      The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4.      The Settlement is in all respects fair, reasonable, and adequate, after considering all of the factors in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) and Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (a) the complexity, expense, and likely

duration of the litigation; (b) the reaction of the class to the settlement; (c) the stage of the proceedings and amount of discovery completed; (d) the risks of establishing liability; (e) the risk of establishing damages; (f) the risks of maintaining the class action through trial; (g) the ability of defendants to withstand a greater judgment; (h) the range of reasonableness of the settlement fund in light the best possible recovery; and (i) the range of reasonbless of the settlement fund to a possible recovery in light of all the attendant risks of litigation. The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5.      In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were no objection(s) to the Settlement filed, and that only _____ Opt-Outs were submitted. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement and Releases contained therein.

6.      Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7.      The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8.      The Class Representatives and Class Counsel have fairly and adequately

3

represented and will continue to adequately represent and protect the interests of the Settlement Class in connection with the Settlement.

9.      Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10.     All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11.     The appointment of Plaintiffs as Class Representatives is affirmed.

12.     The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A. and Danielle Perry of Mason LLP as Class Counsel is affirmed.

13.     The appointment of Kroll Settlement Administration LLC is affirmed.

14.     The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rule of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of Settlement Class members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class member; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

15.     Therefore, the Court finally certifies the following Settlement Class: All living

individuals in the United States who were sent a notice of the Data Incident indicating that their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are directors, officers, and agents of Defendant; (b) governmental entities; and (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff.

16.    Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

17.    As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

18.    In consideration for this Agreement and the consideration set forth herein, the Releasing Parties hereby release the Released Parties from the Released Claims.

19.    If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are first able to select their form of payment, any remaining funds shall be distributed to _____, which the Court approves as the *cy pres* recipient.

20.    Pursuant to Federal Rule of Civil Procedure 23(h), settlement Class Counsel is awarded $_____ for Attorneys' Fees and $_____ for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason under the factors listed in *Gunter v. Ridgewood Energy Corp.*, 396 F.3d 294, 301 (3d Cir. 2005).

21.     The Class Representatives are each awarded $_____ Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

22.     Plaintiffs and all Settlement Class members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

23.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

24.     In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

25.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rules of Civil Procedure 58.

**DONE AND ORDERD** in Chambers in Providence, Rhode Island, this ____ day of _____, 2025.

_____
MELISSA R. DUBOSE
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## OPT-OUT LIST

1.

2.